The only questions of error requiring the consideration of the court are the two questions presented by the reversal of the judgment of conviction. *Page 10 
The first has to do with the portion of the general charge of the trial court on the subject of malice, and particularly the failure of the trial judge in not adding to such instructions "the facts as to the statement of a retraction." The court expressed the view that "that fact should have been stated by the trial judge in his general charge, and it should have gone to the jury along with the charge as actually made, as it might bear upon and rebut if it had that effect the inference of malice that the jury may have drawn from the publication of the original article." The evidence referred to as pertinent in regard to the matter of retraction was a portion of the testimony of the news agent of the Ohio Examiner on coss-examination by counsel for defendant, which is as follows:
"Q. * * * You say that you had a conversation with Mr. Fleming about this particular article? A. Yes sir.
"Q. And Mr. Fleming told you that it was too bad, this article. about the Chief, that, he was going to correct it? A. He did; in the following week's paper."
The conclusion that the court should have made specific reference to the matter of retraction evidently is predicated upon the view that Section 11343, General Code, is applicable. If it be assumed that this statute may be applied in a criminal case, there are no facts in the record which make it applicable in this case. No such defense as retraction was interposed, and no claim asserted by counsel for defendant that there had been any publication of a retraction in terms such as to comply with that statute. No request was made for any instruction upon the subject, nor was there any complaint because of its absence, nor did defendant's counsel make any reference to any claimed retraction in his motion for a new trial.
It is the general rule that, in actions for damages for libel or slander, a retraction of defamatory language is admissible in evidence, but only for the purpose *Page 11 
of mitigating the damages recoverable by the defamed person, and it is not a bar to an action therefor. 17 Ruling Case Law, page 327. In any case, however, to be available, a retraction must be complete and unequivocal, containing an admission that the charge was unfounded and made under an entire misapprehension of the real facts. No facts of any such character were presented in this case. We are of the opinion, however, that Section 11343, General Code, has no application whatever in a criminal proceeding, and is to be considered only with reference to the determination of the question of damages in a civil action.
The Court of Appeals found that the trial court committed error in referring to the fact that the defendant did not go on the stand to testify, and in stating that the jury had the, right to take into consideration his failure "to go on the stand and make explanation." During the trial of the case counsel for the defendant made the admission that defendant was the owner, editor and responsible head of the Ohio Examiner at the time in question. The Court of Appeals held that such fact brought the case within the rule announced by this court inPatterson v. State, 122 Ohio St. 96, 171 N.E. 26. The question presented is whether by the single admission made by counsel for Fleming he thereby became a witness, and that it was therefore error prejudicial to defendant for the trial court to make any statement or comment with reference to the defendant not going upon the witness stand. In the case cited it was disclosed that Patterson had testified as a witness fully before the grand jury, and that his testimony before the grand jury was reintroduced on the trial of the case on its merits. Three codefendants of Patterson had refused to testify. This court held that the presumption raised against his codefendants who had refused to testify should not have been so extended as to apply to Patterson. The mere statement *Page 12 
of the facts in the Patterson case shows the inapplicability of the holding of this court to the situation presented in the instant case. The prosecuting attorney had used his power of examination extensively without the refusal upon the part of Patterson to answer any question. This full and complete examination of Patterson covered every phase of the case, and brought out in detail all the facts in the matter under investigation by the searching cross-examination method pursued by the prosecuting attorney. It was not a mere admission or confession. It was so full and complete that there was no occasion for further festimony by Patterson, and this court found its effect was the same as if he had testified before the petit jury, and that he should have been given credit for his voluntary testimony instead of having a presumption raised against him upon the theory that he had refused to testify. The state made Patterson its witness in the trial. The defendant in the instant case at no time submitted himself for questioning. It is that fact which the trial court instructed the jury that it had a right to take into consideration, and in so doing it did not commit error.
Being of the opinion that the case was tried without error prejudicial to any of the rights of the defendant, the judgment of the Court of Appeals reversing that of the common pleas court is reversed, and the judgment of the court of common pleas is affirmed.
Judgment reversed.
WEYGANDT, C.J., DAY, ALLEN, STEPHENSON, JONES and MATTIHAS, JJ., concur. *Page 13